T.C. Summary Opinion 2017-71

UNITED STATES TAX COURT

GARY PATRICK JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26957-15S.                    Filed August 30, 2017.

Gary Patrick Johnson, pro se.

<u>Christina D. White</u> and <u>Lewis A. Booth, II</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year in issue.  Monetary amounts are rounded to the nearest dollar.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 20, 2015 (notice), respondent determined a $3,621 deficiency in petitioner's 2013 Federal income tax. The deficiency is attributable entirely to the imposition of the section 55 alternative minimum tax (AMT). Taking into account the income and deductions shown on petitioner's 2013 Federal income tax return (return), it is clear that he is liable for the AMT. He now argues, however, that he overstated the income reported on his return. According to petitioner, not only is he not liable for an AMT, but he is due a refund. The issue for our decision is whether petitioner overstated the income reported on the return.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Texas.

In 2013 petitioner was employed as an insurance adjuster for Pilot Catastrophe Services, Inc. (Pilot). As reported on a 2013 Form W-2, Wage and Tax Statement, issued to petitioner by Pilot, his wages from Pilot for that year amounted to $131,884, which included a total of $42,812 for per diem travel

allowances for lodging, meals, and incidental expenses he paid or incurred in connection with his employment (per diem allowances).

Petitioner's return, which he prepared, was filed on October 14, 2014. As relevant here, the return includes the following items: (1) the wage income shown on the above-referenced Form W-2; (2) a personal exemption deduction; (3) a dependency exemption deduction; (4) a $5,660 itemized deduction for State and local real property tax; and (5) a $27,796 miscellaneous itemized deduction for unreimbursed employee business expenses (after the application of the 2% limitation prescribed in section 67(a)). Petitioner's return does not include a Form 6251, Alternative Minimum Tax--Individuals, and the income tax liability reported on petitioner's return does not include the AMT.

In the notice and as noted, respondent determined a $3,621 deficiency in petitioner's 2013 Federal income tax attributable entirely to the imposition of the AMT.

## Discussion

Other than to note that section 55 imposes an AMT, defined as the excess (if any) of the "tentative minimum tax" over the regular tax, we need not burden this opinion with a discussion explaining how the AMT works or whether respondent properly computed the amount of the AMT here in dispute; petitioner does not

claim that the items as reported on his return do not give rise to an AMT or raise a credible challenge to the manner in which respondent has computed it.[2]  Instead, petitioner argues that Pilot should not have treated the per diem allowances as includable in his taxable income.  In support of his position, petitioner submitted a "revised" return.  The income shown on the revised return does not include the portion of his wages from Pilot attributable to the per diem allowances.  Not surprisingly, the reduction in petitioner's "tentative minimum tax" and "regular tax" as shown on the revised return eliminates the deficiency here in dispute.  As it turns out, petitioner's 2013 Federal income tax liability depends upon whether the per diem allowances are includable in his income.

Are the Per Diem Allowances Includable in Petitioner's Income?

The treatment of payments received by an employee subject to the employer's employee business expense reimbursement plan depends upon whether the plan is an accountable plan or a nonaccountable plan.  If the expenses are reimbursed by the employer pursuant to an accountable plan, then the reimbursed amount is excluded from gross income and is not considered wages or other

---

[2]Petitioner suggests that miscellaneous itemized deductions should not be excluded from the computation of a taxpayer's tentative minimum taxable income, but his suggestion is entirely inconsistent with the express statutory scheme and is rejected without further comment.  See secs. 56(b)(1)(A)(i), 67(b).

compensation. Sec. 1.62-2(c)(4), Income Tax Regs. But if the reimbursement is not made under an accountable plan, then the amount of the reimbursement is treated as wages and is includable in the employee's gross income. Sec. 1.62-2(c)(5), Income Tax Regs.

To qualify as an accountable plan, the plan must: (1) have a business connection; (2) require substantiation of expenses; and (3) require the return of amounts exceeding expenses incurred. Sec. 1.62-2(d), (e), and (f), Income Tax Regs. It would appear from what has been presented that petitioner was entitled to the per diem allowances regardless of whether he paid or incurred any qualifying expense relating to the allowances or whether he could substantiate that expense. Consequently, the per diem allowances were not paid to petitioner pursuant to an accountable plan. It follows that the per diem allowances are properly includable, and were in fact included, in petitioner's 2013 income. Our conclusion on this point, of course, is supported by the fact that Pilot obviously considered the reimbursement plan a nonaccountable plan as the company treated the reimbursements as wages.

Petitioner's claim that the per diem allowances should not have been included in his 2013 income is rejected. Otherwise, respondent's computation of

the AMT here in dispute properly excludes the employee business expense deduction (and other deductions) claimed and allowed on petitioner's 2013 return.

That being so, petitioner's 2013 Federal income tax liability includes the AMT, and respondent's determination to that effect is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.